### 135

Ezio Raddicchi
vs.                    No.38153
Emilia M. D'Alfonso et al.

April 6, 1918

BROWN, J. For several years before the commencement of a previous action by the plaintiff against the defendant, Vincenzo D'Alfonso, November 9, 1912, they had been engaged in business transactions in the course of which the plaintiff advanced, from time to time, various sums of money, until the amount due the plaintiff was $1000 or more. The plaintiff sued out a writ of attachment on that date against Vincenzo to recover the amount due him on these transactions, and attached real estate standing in the name of Emilia, the wife, one of these defendants. That case was duly entered in court and defaulted March 13, 1913. On March 24, 1913, the default not having been removed nor damages assessed, the note sued on in the instant case, signed by both these defendants, was given, by way of compromise of the amount due the plaintiff in the defaulted case and to induce a release of the attachment of the wife's real estate, she signed the note. The plaintiff's explanation of his attachment of the wife's real estate to secure his claim against the husband was that the husband had an interest in that real estate; that, in fact, it actually belonged to the husband, and he attached it to contest that fact.

There was no denial that the note sued on in the instant case was given by the defendants: The evidence sufficiently established beyond reasonable controversy that it was given in compromise of the various amounts advanced from time to time by the plaintiff to Vincenzo, and that the consideration for the wife's signature to this note was the discharge of the attachment on the real estate standing in her name.

There was good and sufficient consideration for the note.

The defendant's contention that the wife was induced by duress to

### 136

sign the note is not established by the evidence. In view of the special circumstances attending the transfer of the title to this real estate from Vincenzo to his wife for the small consideration at a time when the plaintiff was a creditor of the husband for the moneys which make up the consideration of the note now sued on, as explained by Mr. Collins in his testimony, justified the plaintiff in taking steps to contest the validity of that transaction; and refusal to discharge that attachment without her signature to this note falls far short of duress.

The paper bearing date February 24, 1913, signed by both the plaintiff and Vincenzo in a moment of good fellowship, when they had been indulging in liquor, in which it is expressed that any claim, personal and financial, is adjusted, is given without consideration.

It was not contended that anything was given for the paper, or that the note sued on in the instant case has been paid.

Even if, as contended by the defendants, the jury were warranted in finding that a partnership existed previously between the plaintiff and Vincenzo, the respective claims growing out of such partnership were compromised and adjusted in the note now sued on.

The verdict for the defendants is against the evidence.

A new trial is granted.

For Plaintiff: John F. Conaty.

For Defendants: Pettine & DePasquale.